ORDER
GRITT, JUDGE:
An application of the claimant, Barbara J. Fletcher, for an award under the West Virginia Crime Victims Compensation Act, was filed July 21, 2000. The report of the Claim Investigator, filed September 5, 2000, recommended that no award be granted, to which the claimant timely objected. An Order was issued on October 18, 2000, confirming the Investigator's recommendation, in response to which the claimant's request for hearing was filed November 14, 2000. This matter came on for hearing January 17, 2002, the claimant appearing in person, and the State of West Virginia by counsel, Joy M. Bolling, Assistant Attorney General.
The claimant’s 36-year-old husband, Bruce Fletcher, was struck by an automobile driven by Keith Jameson on 7lh Avenue in Charleston, Kanawha County, on March 8, 2000. The claimant testified that her husband was in a coma for weeks. (Transcript, page 8.) He spent two months in the hospital, and was confined to a wheelchair for over a year. He endured many surgeries, including three eye procedures to correct his double vision. (Transcript, page 8.) The claimant stated that her husband will never be able to go back to work.
According to the claimant, they received insurance proceeds of $100,000.00 from State Farm. After attorney fees, their actual payment was $66,000.00. (Transcript, page 11.) The money was spent on dental work, leg braces, and home care. The claimant ultimately quit her job to stay home with her husband for five months. (Transcript, page 13.)
Bruce Fletcher testified that, on the night in question, he was crossing the road, and when he got to the median, “that’s where I was hit.” (Transcript, *430 page 16.) He stated that he had been drinking that evening, but could not remember where. Upon cross-examination, Mr. Fletcher indicated that his memory loss was due to brain damage. (Transcript, page 18.) When asked how he could be sure that he was hit while on the median, he replied, “That’s the way the report was.” (Transcript, page 18.) Counsel for the Fund stated, “The report reflects that you were actually in the road,” and when she asked Mr. Fletcher if he was 100 percent sure he was on the median, he replied, “No, ma’am. I’m not 100 percent sure.” (Transcript, page 19.)
The final witness to testify was Keith Jameson, the driver of the automobile. Mr. Jameson stated that he had consumed two beers that night at a friend’s house. (Transcript, page 25.) He remembered driving down the road and “the next thing I know there was a big boom.” (Transcript, page 21.) Mr. Jameson admitted speeding away for fear of being arrested for DUI. He further stated that he never was on the median. (Transcript, page 22.)
Upon cross-examination, Mr. Jameson testified that he had his headlights on, and that he remembered a black Ford pickup truck parked on the side of the street where Mr. Fletcher was coming from. (Transcript, page 26.) He stated that when he got to the front of the truck, “that’s when the big boom happened.” (Transcript, page 26.)
This claim was initially denied on the basis of contributory misconduct on the part of the claimant. Nothing adduced at the hearing convinces this Court otherwise. There was conflicting testimony with regard to exactly where the claimant was struck, whether in the road or on the median; but the hospital report showed the claimant’s serum alcohol level to be 283, which converts to a .24 blood alcohol level, over twice the legal limit (Exhibit 3, page 5). The claimant’s intoxicated state was causally related to his subsequent injury.
The Court is constrained by the evidence to stand by its previous ruling, and deny the claim.